Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ANNETTE VAILLANT UGARRIZA<br>Peticionaria<br><br>v.<br><br>PEDRO RAFAEL CASANOVA TIRADO<br>Recurridos | KLCE202400387 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: DAC2015-1799(504)<br><br>Sobre: PARTICIÓN HEREDITARIA, ALIMENTOS Y CUOTA VIUDAL USUFRUCTUARIA |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 24 de abril de 2024.

Comparece ante *nos*, Annette Vaillant Ugarriza (peticionaria) y nos solicita que revisemos una *Minuta Enmendada* sobre la Vista celebrada el 29 de noviembre de 2023, emitida el 1 de marzo de 2024 y notificada el 4 de marzo de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI acogió en corte abierta todas las recomendaciones realizadas por el Comisionado Especial, Lcdo. Carlos Dávila Pérez.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, *desestimamos* el recurso de *certiorari*, por falta de jurisdicción.

**I.**

En el contexto de un pleito sobre liquidación de una comunidad de bienes hereditarios, el 29 de noviembre de 2023, se llevó a cabo una Vista. En la misma, se discutieron varios asuntos procesales y de prueba. Asimismo, el TPI acogió en corte abierta

Número Identificador

RES2024 _____

todas las recomendaciones que realizó el Comisionado Especial, Lcdo. Carlos Dávila Pérez y, además, lo relevó de sus funciones.[1]

El 8 de enero de 2024, el TPI notificó la *Minuta* de la Vista celebrada el 29 de noviembre de 2023. Así las cosas, el 9 de enero de 2024, Pedro Rafael Casanova Tirado (recurrido) presentó una *Moción de Corrección de Minuta*. En esta, solicitó que se enmendara la *Minuta* a los únicos fines de aclarar que el Lcdo. Freddie Pérez González solo representa a la parte recurrida.

A esos efectos, el 1 de marzo de 2024, el TPI emitió una *Minuta Enmendada*; la cual fue notificada el 4 de marzo de 2024. Así, el 3 de abril de 2024, la parte peticionaria presentó un recurso de *certiorari* y alegó la comisión de los siguientes errores:

> **PRIMER ERROR**: Erró el Tribunal al acoger la determinación en cuanto a que se trató de una donación mortis causa, en vez de un Contrato Válido, líquido y exigible entre la Parte Peticionaria y el Causante.

> **SEGUNDO ERROR**: Erró el Tribunal al acoger todas las determinaciones del Comisionado Especial sin antes tomar en consideración si se sostenían en derecho o en la prueba a presentarse ante el Tribunal de Primera Instancia.

> **TERCER ERROR**: Erró el Tribunal en sus determinaciones de hechos probados, lo que se desprende de las alegaciones de la Peticionaria que se sostiene en evidencia admisible, a modo de ejemplo, el que no se había ratificado con las iniciales la anulación ("void") en la cláusula 6 del acuerdo, cuando del margen del documento se desprenden con claridad las iniciales del causante (PC) debajo de la palabra "void", entre otras.

> **CUARTO ERROR**: Erró el tribunal de Primera Instancia al determinar que de [*sic*] trataba de una donación mortis causa que debía cumplir con los requisitos testamentarios, pues, se trata de un contrato válido firmado y ratificado por las partes, y [*sic*] muerte del causante se produjo 15 meses después de la contratación y 10 meses después de la ratificación.

---

[1] Entre las recomendaciones que el TPI acogió están las siguientes:
1. El Informe del 28 de junio de 2022. Véase, Anejo 2 del recurso de *certiorari*.
2. El Informe sobre la Moción Solicitando se dicte Sentencia Sumaria Parcial sobre propiedades privativas de la demandante del 28 de octubre de 2022. Véase, Anejo 3 del recurso de *certiorari*.
3. El Informe en Reconsideración sobre la Moción Solicitando se dicte Sentencia Sumaria Parcial sobre propiedades privativas de la demandante del 31 de enero de 2023. Véase, Anejo 4 del recurso de *certiorari*.

**QUINTO ERROR**: Erró el Tribunal al acoger como hechos resueltos en la determinación del Comisionado Especial sobre una sentencia sumaria ya que del propio informe se desprende que existen controversias de hechos que son materia de prueba que deben desfilarse en el juicio en su fondo y que necesariamente inciden sobre los asuntos resueltos.

Examinado el recurso de *certiorari*, este Tribunal emitió una *Resolución* el 9 de abril de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso.

El 10 de abril de 2024, la parte recurrida presentó una *Moción de Desestimación por Falta de Jurisdicción*. A grandes rasgos, sostuvo que el recurso ante *nos* se presentó de forma tardía, pues el punto de partida para recurrir ante este Tribunal debió ser la fecha de la *Minuta* original que fue notificada el 8 de enero de 2024 y no el 4 de marzo de 2024. Indicó, además, que la enmienda a la *Minuta* fue una esencialmente de forma que en nada alteró la determinación de la que recurre la peticionaria.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024). Véase, además, *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa, supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v. Sagastivelza,* 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).  A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no.  *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.*, 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

Si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022); *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). La presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Así pues, la desestimación de un recurso tardío es final, por lo que priva fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Mun. de Rincón v. Velázquez Muñiz,* 192 DPR 989,1018 (2015). Consecuentemente, se debe cumplir estrictamente todo el procedimiento para apelar o, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Pueblo v. Prieto Maysonet,* 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Pueblo v. Ríos Nieves, supra.* Véase, además, *Yumac Home v. Empresas Massó, supra; Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012).

## B. Errores de forma

La Regla 49.1 de Procedimiento Civil (32 LPRA Ap. V) establece que,

> [l]os errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión, el tribunal podrá corregirlos en cualquier tiempo, a su propia iniciativa o a moción de cualquier parte, previa notificación, si ésta se ordena. Durante la tramitación de una apelación o un recurso de certiorari, podrán corregirse dichos errores antes de elevar el expediente al tribunal de apelación y, posteriormente, sólo podrán corregirse con el permiso del tribunal de apelación.

Nuestro máximo Foro ha reiterado que las enmiendas encaminadas a corregir este tipo de error son de naturaleza *nunc pro tunc,* es decir, que se retrotraen a la fecha de la sentencia o resolución original. *Otero Vélez v. Schroder Muñoz,* 200 DPR 76 (2018). Véase, además, *Vélez v. AAA,* 164 DPR 772, 791 (2005); *SLG Coriano-Correa v. K-mart Corp.,* 154 DPR 523, 530 (2001).

En efecto, el tipo de corrección que contempla la Regla 49.1 de Procedimiento Civil, *supra,* es el error de forma, el error clerical. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil,* 6ta ed., San Juan, Lexis Nexis, 2017, pág. 464-465. Así pues, el tribunal puede corregir este error en su sentencia o en cualquier escrito del expediente donde aparezca en cualquier momento. *op. cit.,* pág. 465. También pueden corregirse en esa misma forma, fechas equivocadas, cantidades equivocadas, cómputos matemáticos erróneos y descripciones de propiedad equivocada. Íd.

Estas enmiendas deberán estar sostenidas por el expediente judicial y no podrán menoscabar los derechos ya adquiridos por cada litigante cuando ha transcurrido en exceso el término

dispuesto para apelar o solicitar revisión. *Otero Vélez v. Schroder Muñoz, supra*, pág. 91. En otras palabras, no procede una enmienda *nunc pro tunc* para corregir errores de derecho, por afectar derechos sustantivos de las partes. Íd. Así, el criterio rector es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, sino la corrección de una mera inadvertencia. Íd. Por lo tanto**, una enmienda *nunc pro tunc* no tiene el efecto de interrumpir ni otorgar un nuevo término para presentar un recurso en alzada**. (Énfasis nuestro). *Vélez v. AAA*, pág. 792.

### III.

En su *Moción de Desestimación por Falta de Jurisdicción,* la parte recurrida plantea que el recurso de *certiorari* que presentó la parte peticionaria es tardío. Arguye que la parte peticionaria utilizó como punto de partida para la presentación del recurso, la *Minuta Enmendada* que fue notificada el 4 de marzo de 2024. Así, sostiene que el punto de partida correcto para recurrir ante este Tribunal debió ser la fecha de la *Minuta* original que fue notificada el 8 de enero de 2024 y no el 4 de marzo de 2024. Explicó, que la enmienda a la *Minuta* fue una esencialmente de forma que en nada alteró la determinación de la que recurre la peticionaria. Le asiste la razón.

Según el derecho que antecede, los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en estas por inadvertencia u omisión, el tribunal podrá corregirlos en cualquier tiempo, a su propia iniciativa o a moción de cualquier parte, previa notificación si esta se ordena. Regla 49.1 de Procedimiento Civil, *supra.* Según ha resuelto el Tribunal Supremo, las enmiendas encaminadas a corregir este tipo de error son de naturaleza *nunc pro tunc,* es decir, que se retrotraen a la fecha de la sentencia o resolución original. *Otero Vélez v. Schroder Muñoz, supra.*

Así, estas enmiendas deberán estar sostenidas por el expediente judicial y no podrán menoscabar los derechos ya adquiridos por cada litigante cuando ha transcurrido en exceso el término dispuesto para apelar o solicitar revisión. *Otero Vélez v. Schroder Muñoz, supra.* Así pues, el criterio rector es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, sino la corrección de una mera inadvertencia. Íd. Por lo cual, una enmienda *nunc pro tunc* no tiene el efecto de interrumpir ni otorgar un nuevo término para presentar un recurso en alzada. *Vélez v. AAA, supra.*

En el caso de epígrafe, el 8 de enero de 2024, el TPI notificó la *Minuta* de la Vista celebrada el 29 de noviembre de 2023. Posteriormente, la parte recurrida presentó una *Moción de Corrección de Minuta.* En la misma, solicitó que se enmendara la *Minuta* a los únicos fines de aclarar que el Lcdo. Freddie Pérez González solo representa a la parte recurrida. Consecuentemente, el 1 de marzo de 2024, el TPI emitió una *Minuta Enmendada*; la cual fue notificada el 4 de marzo de 2024.

Evaluada la *Minuta* y la *Minuta Enmendada* hemos constatado que la enmienda fue una *nunc pro tunc.* Por lo tanto, la enmienda realizada se retrotrae a la fecha de la *Minuta* original. Tomando en consideración que la *Minuta* fue notificada el 8 de enero de 2024 y que la enmienda que solicitó la parte recurrida fue una de forma, el término para recurrir ante este Tribunal comenzó a decursar el 8 de enero de 2024. Por lo tanto, al haberse presentado el recurso de *certiorari* el 3 de abril de 2024, este es tardío y procede su desestimación por falta de jurisdicción. Véase, *Pueblo v. Rivera Ortiz, supra.*

**IV.**

Por los fundamentos antes expuestos, se declara *Ha Lugar* la *Moción de Desestimación por Falta de Jurisdicción* que presentó la parte recurrida y, en consecuencia, *desestimamos* el recurso de *certiorari*, por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones